


**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

ROBERT J. TAYLOR,

Plaintiff,

v. Civil Action No. 3:15cv385

FIRST ADVANTAGE LNS SCREENING SOLUTIONS, INC.

SERVE: Corporation Services Company
Bank of America, 16th Floor
1111 East Main Street
Richmond, VA 23219

Defendant.

## COMPLAINT

COMES NOW, the Plaintiff, Robert J. Taylor, and for his Complaint against the Defendant, he states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq*. (the Fair Credit Reporting Act or "FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

## PARTIES

3. Plaintiff is a natural person and "consumer" as protected and governed by the FCRA.

4. Defendant First Advantage LNS Screening Solutions, Inc. ("First Advantage") operates as a "consumer reporting agency" as defined and governed by the FCRA. It is regularly

engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

5. In or around April 2015, Plaintiff applied to be a volunteer with Westmoreland County Little League.

6. As part of this application, Westmoreland County Little League requested Plaintiff's background consumer report from the Defendant.

7. In response to Westmoreland County Little League's request, the Defendant provided a consumer background report regarding the Plaintiff.

8. This report was a "consumer report" as defined by the FCRA.

9. The report stated that Plaintiff was listed in the Wisconsin Sex Offender Registry.

10. Plaintiff is not listed on the Wisconsin Sex Offender Registry.

11. Even on the top level summary screen of the basic sex offender search available on the Wisconsin Sex Offender Registry website, the individual on the Wisconsin Sex Offender Registry who was convicted of Second-Degree Sexual Assault of a Child is of a different race, has a different middle name, and a different address than the Plaintiff.

12. It should have been clear from Plaintiff's personal identifiers alone that this criminal information was false and that Plaintiff was not a sex offender.

13. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information contained in it. For example, it recklessly included sexual offense information pertaining to a stranger with a different social security number and date of birth living in a different state to appear in Plaintiff's consumer report.

14. This failure is consistent with the same "loose match" problem that has resulted in the false reporting of other criminal background check information as attributed to other plaintiffs, including within this District and Division.

15. For example, the Defendant was sued by Terrell Manuel, Dawn Rosales, and Charles White on March 28, 2014 in this courthouse for using this same loose matching policy.

16. Defendant's failure to follow reasonable procedures to ensure that its report regarding Plaintiff Taylor only included information that belonged to him caused Plaintiff to suffer actual damages.

17. For example, and without limitation, these actual damages including his embarrassment when he had to explain to the Westmoreland County Little League that he was not a sex offender.

18. Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

19. Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

20. In fact, Defendant holds itself out as an expert on FCRA compliance and offers webinars regarding the FCRA, including "The ABCs of the EEOC, the FCRA, and the ADA" and "Back to Basics on Background Checks." *See* http://www.fadv.com/resources/webinars.aspx (last visited June 25, 2015).

21. Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiff of his rights under the FCRA.

22. Plaintiff alleges that Defendant's conduct as alleged herein was consistent with its

established and systematically executed procedures and policies for compliance with the FCRA.

23. Therefore, the Defendant's conduct was willful and the Defendant is liable for actual, statutory and punitive damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681n, in addition to reasonable attorney's fees and costs.

24. In the alternative, the Defendant's conduct was negligent, and the Defendant is liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C. § 1681o, in addition to reasonable attorney's fees and costs.

**COUNT I**
**15 U.S.C. § 1681e(b)**

25. Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

26. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiff.

27. As a result of Defendant's conduct, Plaintiff Taylor suffered actual damages.

28. Defendant's violations of 15 U.S.C. § 1681e(b) were willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent, entitling Plaintiff Taylor to recover under 15 U.S.C. § 1681o.

29. Plaintiff Taylor is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks an award of actual damages, statutory damages, punitive damages, and attorney's fees and costs against the Defendant; and any other relief the Court deems just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED**

**ROBERT J. TAYLOR**

By:________________________
Of Counsel

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel: (703) 273-7770
Fax: (888) 892-3512
matt@clalegal.com
casey@clalegal.com

Leonard A. Bennett, VBS No. 37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Tel: (757) 930-3660
Fax: (757) 930-3662
lenbennett@clalegal.com

*Counsel for the Plaintiff*